# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
EDWIN J. SMITH,                          *
                                         *   No. 17-302V
             Petitioner,                 *   Special Master Christian J. Moran
                                         *
v.                                       *   Filed: December 20, 2019
                                         *
SECRETARY OF HEALTH                      *   Attorneys' Fees and Costs
AND HUMAN SERVICES,                      *
                                         *
             Respondent.                 *
* * * * * * * * * * * * * * * * * * * * *

David C. Richards, Christensen & Jensen, P.C., Salt Lake City, UT, for Petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 29, 2019, petitioner Edwin J. Smith moved for final attorneys' fees and costs. He is awarded **$32,442.95**.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*   \*   \*

On March 3, 2017, Edwin J. Smith filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza vaccine he received on October 2, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused him to suffer neurological injuries including brachial plexopathy. Petitioner further alleged that he suffered the residual effects of this injury for more than six months. On January 23, 2019, the parties filed a stipulation, which the undersigned adopted as his Decision awarding compensation on January 30, 2019.

On August 29, 2019, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $31,303.50 and attorneys' costs of $1,139.45 for a total request of $32,442.95. Fees App. at 2. Pursuant to General Order No. 9, petitioner states that he has not personally incurred any costs in pursuit of this litigation. Fees App. Tab D. On August 30, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

    A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of his attorneys: for Mr. David Richards, $300.00 per hour for work performed in 2015, $305.00 per hour for work performed in 2016, $312.00 per hour for work performed in 2017, $321.00 per hour for work performed in 2018, and $332.00 per hour for work performed in 2019; and for Ms. Tanner Lenart, $200.00 per hour for work performed in 2016-2017. Fees App. at 33-34. Petitioner also requests paralegal rates of $100.00-110.00 per hour. Id. Concerning the rates from 2015-2017, other special masters have found these rates to be reasonable and the undersigned also finds them reasonable in this case. See McClellan v. Sec'y of Health & Human Servs., No. 14-714V, slip op. at 5 (Fed. Cl. Spec. Mstr. Sept. 29, 2017) (citing Atnip v. Sec'y of Health & Human Servs., No. 14-1006V, 2016 WL 4272057 (Fed. Cl. Spec. Mstr. July 6, 2016)).

Concerning the requested rates for 2018 and 2019, the undersigned notes that Mr. Richards determined these rates using the PPI-OL number, a method which the undersigned and other special masters have found to be reasonable. See, e.g., Plevak v. Sec'y of Health & Human Servs., No. 15-1119V, 2019 WL 964126, at *5 (Fed. Cl. Spec. Mstr. Jan. 28, 2019); Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3989514, at n. 2 (Fed. Cl. Spec. Mstr. June 28, 2018).  Accordingly, the undersigned finds these rates to be reasonable as well.

### B. <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the billed hours to be reasonable. Accordingly, petitioner is entitled to the full amount of attorney's fees sought.

### C. <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $5,931.26 in costs, comprised of acquiring medical records, postage, legal research fees, and the Court's filing fee. Fees App. at 15-16. These costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation to support them. Respondent has not identified any of the costs as objectionable, and the undersigned finds them to be reasonable. Accordingly, petitioner is entitled to the full amount of costs sought.

### E. <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$32,442.95** (representing $31,303.50 in attorneys' fees and $1,139.45 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. David Richards.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

s/Christian J. Moran
Christian J. Moran
Special Master